**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lee Donahue, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 137 |
| Credit Control, LLC, a Missouri limited liability company, and United Debt Holding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lee Donahue, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Lee Donahue ("Donahue"), is a citizen of the State of Florida, from whom Defendants attempted to collect a delinquent consumer debt owed for a HSBC account, despite the fact that she was represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant Credit Control, LLC ("Credit Control") is a Missouri limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Credit Control operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Donahue.

5. Defendant, United Debt Holding ("United"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. United operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant United was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant United is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect upon through other debt collectors, like Defendant Credit Control.

7. Defendants Credit Control and United are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of

Illinois, see, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, Defendants Credit Control and United both conduct business in Illinois.

8. Defendants Credit Control and United are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, Defendants Credit Control and United both act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Donahue is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a HSBC account. At some point in time after that debt became delinquent, Defendant United allegedly bought/obtained Ms. Donahue's HSBC debt, and when Defendants began trying to collect the HSBC debt from her, by sending her a collection letter, dated May 4, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of the March 4, 2011 collection letter is attached as Exhibit C.

10. Accordingly, on May 25, 2011, one of Ms. Donahue's attorneys at LASPD informed Defendants that she was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Donahue was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, on November 12, 2012, Defendants then sent Ms. Donahue another collection letter, which again demanded payment of the United/HSBC debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on December 20, 2012, Ms. Donahue's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Donahue's agent/attorney, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Donahue was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Donahue was represented by counsel, and had directed a cessation of communications with Ms. Donahue. By sending a collection letter to Ms. Donahue (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lee Donahue, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Donahue, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lee Donahue, demands trial by jury.

Lee Donahue,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  January 8, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com